**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| YURIEL TAMARGO BENAVIDES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-26-1032-SLP |
| | ) |
| DIAMONDBACK INSTALLATION | ) |
| DIRECTOR, et al., | ) |
| | ) |
| Respondents. | ) |

**O R D E R**

Petitioner, Yuriel Tamargo Benavides, appearing pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [Doc. No. 1]. Before the Court is the Report and Recommendation [Doc. No. 8] (R&R) of United States Magistrate Judge Chris M. Stephens. The Magistrate Judge recommends granting, in part, the Petition. Respondents have filed an Objection [Doc. No. 9]. The matter is at issue. The Court reviews de novo any portion of the R&R to which a specific objection has been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Review of all other issues addressed by the Magistrate Judge are deemed waived. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Having conducted that review, and for the reasons that follow, the Court ADOPTS the R&R, in part, and GRANTS, in part, the Petition.

## I.    Background

Petitioner, a citizen of Cuba, entered the United States on or about December 4, 2022. Petitioner was subsequently placed by Immigration and Customs Enforcement (ICE) into removal proceedings through the issuance of a Notice to Appear and charged him with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i). Petitioner was released from ICE custody on an Order of Release on Recognizance pursuant to 8 U.S.C. § 1226.

Petitioner was re-detained by ICE on December 19, 2025. Petitioner has been continuously detained without bond since his arrest pursuant to the mandatory detention provisions set forth in § 1225(b)(2)(A). When Petitioner filed his Petition, he was detained at Diamondback Correctional Facility in Watonga, Oklahoma.

On May 29, 2026, an Immigration Judge ordered Petitioner removed from the United States. Petitioner subsequently filed an appeal of the removal order, which remains pending before the Board of Immigration appeals.

On May 7, 2026, Petitioner filed this action, claiming violations of the Immigration and Nationality Act and a violation of the Fifth Amendment. Petitioner claims that § 1225(b)(2)(A) does not apply to him and that his continued detention without a bond hearing violates the Fifth Amendment. As relief, Petitioner seeks release from custody or, in the alternative, a bond hearing pursuant to 8 U.S.C. § 1226(a).

## II.    Discussion

The Magistrate Judge recommended that the Court grant habeas relief and order Respondents to provide Petitioner with a bond hearing under § 1226(a) before a neutral

Immigration Judge (IJ) within five (5) business days or, in the alternative, for Respondents to release Petitioner from custody.

The Court concurs with the Magistrate Judge's findings and rejects Respondents' statutory interpretation of §§ 1226(a) and 1225(b)(2)(A).  The Magistrate Judge's findings are consistent with this Court's previous determinations that § 1226(a) governs the detention of similarly situated immigration detainees.  *See Lopez v. Corecivic Cimmaron Corr. Facility*, No. CIV-25-1175-SLP, 2026 WL 165490 at *3-7 (W.D. Okla. Jan. 21, 2026). The Court's previous determination is in accord with the Tenth Circuit's recent decision, based on indistinguishable material facts.  *See Santillan Quiroz v. Mullin*, -- F.4th --, No. 26-6019, 2026 WL 1876709 at *8 (10th Cir. June 30, 2026) (mandate pending) (holding that "§ 1225(b)(2)(A)'s application is limited to the border").[1]  The Court, therefore, finds that § 1226(a) governs Petitioner's detention, and he is entitled to an individualized bond hearing.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 9] is ADOPTED IN PART and the Petition [Doc. No. 1] is GRANTED IN PART. Respondents are ORDERED to provide Petitioner with a proper bond hearing pursuant to

---

[1] Similarly, "the Second, Sixth, and Eleventh Circuits have each held that § 1225(b)(2)(A) does not apply to unadmitted noncitizens who . . . are found in the country's interior."  *Id*. at *3 (citing *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Mia*., 175 F.4th 1258 (11th Cir. 2026); *but see Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128, 1138 (8th Cir. 2026).

8 U.S.C. § 1226(a) within seven (7) days of the date of this Order or otherwise release

Petitioner if he has not received a proper bond hearing within that period.[2]

A separate judgment shall be entered.

IT IS SO ORDERED this 30th day of July, 2026.

**SCOTT L. PALK**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[2] Although the R&R recommends ordering Respondents to provide a bond hearing within five (5) business days of this Order, the court orders the Respondents to provide Petitioner with a bond hearing within seven (7) days.